Douglas G. Schaller, OSB #85323
dschaller@jclslaw.com
Michele C. Smith, OSB # 02095
msmith@jclslaw.com
JOHNSON, CLIFTON, LARSON & SCHALLER, P.C.
975 Oak Street, Suite 1050
Eugene, OR 97401-3176
Telephone: (541) 484-2434
Facsimile: (541) 484-0882

Tom D'Amore, OSB # 922735
tom@damorelaw.com
D'AMORE LAW GROUP
4230 Galewood Street, Suite 200
Lake Oswego, Oregon 97035
Telephone: (503) 222-6333

Attorneys for Plaintiff Julia Ingram

FILED'11 MAR 05 08:19USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

JULIA INGRAM,

          Plaintiff,

v.

ZIMMER US, INC., a foreign
corporation, ZIMMER, INC., a
foreign corporation, and ZIMMER
HOLDINGS, INC., a foreign corporation,

          Defendants.

CV '11 - 2 8 8   PK

Case No.

**COMPLAINT**

Personal Injury; Strict Product
Liability; Negligence
(28 U.S.C. §1332)

1.

Jurisdiction is based on diversity of citizenship. 28 U.S.C. §1332. Plaintiff Julia Ingram

COMPLAINT -- Page 1

D'AMORE
LAW GROUP
4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

is a citizen of Multnomah County, Oregon. Defendants are foreign corporations with their

principal place of business in the State of Indiana. The amount in controversy, exclusive of

interest and costs, exceeds $75,000.

Claim 1
(Strict Product Liability)

2.

At all times material herein, Defendants Zimmer US, Inc., Zimmer Inc., and Zimmer

Holdings, Inc. (*hereinafter* "Defendants") were foreign corporations engaged in the business of

designing, manufacturing, marketing, distributing, and selling orthopedic prostheses, including

an artificial hip joint called the Zimmer Durom Cup.

3.

On July 7, 2008, Plaintiff Julia Ingram underwent total right hip replacement surgery in

which her orthopedic surgeon implanted a Zimmer Durom Cup artificial hip joint with Durom

Acetabular Component product number 01.00214.152, Lot number 2427681. The surgery was

performed at Providence Adventist Medical Center in Portland, Oregon. Following the surgery,

Plaintiff Julia Ingram developed increasingly severe pain in the area of her right hip for which

she underwent nerve block injections and other therapies, and ultimately underwent surgery on

August 18, 2010 to remove the Zimmer Durom Cup artificial hip joint and replace it with a

different artificial hip joint. In the course of the surgery, her surgeon discovered that the Durom

Acetabular Cup implanted on July 7, 2008 had failed to adhere to her hip bone and was loose.

4.

At the time Plaintiff Julia Ingram's surgeon implanted the Zimmer Durom Cup artificial

COMPLAINT -- Page 2

hip joint on July 7, 2008, it was expected to be and was in substantially the same condition as when sold by Defendants.

5.

The Zimmer Durom Cup artificial hip joint sold to and implanted in Plaintiff Julia Ingram was defective and unreasonably dangerous in that:

a) As designed, manufactured and sold, it created an unreasonable risk of non-adherence to Julia Ingram's pelvis with resulting implant failure;

b) It was distributed and sold without proper instructions for surgical implantation.

6.

The defective and unreasonably dangerous condition of the Zimmer Durom Cup artificial hip joint was a substantial factor in causing the hip replacement to fail, requiring Plaintiff Julia Ingram to undergo surgical removal of the artificial hip joint and surgical implantation of a different artificial hip joint, and causing her to suffer permanent injury to the bones, muscles, tendons, vessels, nerves, and other tissue of the hip, pelvis and right leg.  The injuries, surgeries and related medical treatment have caused, and will continue to cause, Julia Ingram, pain and disability, all to her noneconomic damage in a reasonable amount to be determined by a jury at trial not exceeding $500,000.

7.

As a result of the described injuries, Plaintiff Julia Ingram has required, and will continue to require medical care, medications and medical appliances, all to her economic damage in an amount to be determined by the jury in accordance with the law, not to exceed $100,000.

8.

COMPLAINT -- Page 3

D'AMORE
LAW GROUP    4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

Plaintiff reasonably did not discover her claim prior to two years before filing this complaint.

Count 2
(Negligence)

9.

Plaintiff realleges paragraphs 2-3, 7 and 8.

10.

Defendants were negligent in one or more of the following ways:

a) In failing to design the Zimmer Durom Cup artificial hip joint so that it did not create an unreasonable risk of non-adherence and implant failure;

b) In failing to manufacture the Zimmer Durom Cup artificial hip joint so that it did not create an unreasonable risk of non-adherence and implant failure;

c) In failing to adequately instruct in the proper surgical implantation of the Zimmer Durom Cup artificial hip joint.

11.

Defendants knew or should have known that its negligence created an unreasonable risk of harm to recipients of the Zimmer Durom Cup artificial hip joint, including Plaintiff Julia Ingram.

12.

Defendants' negligence was a substantial factor in causing Plaintiff Julia Ingram's artificial hip replacement to fail, requiring Plaintiff Julia Ingram to undergo surgical removal of the artificial hip joint and surgical implantation of a different artificial hip joint, and causing her

COMPLAINT -- Page 4

D'AMORE
LAW GROUP

4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

to suffer permanent injury to the bones, muscles, tendons, vessels, nerves, and other tissue of the hip, pelvis and right leg. The injuries, surgeries and related medical treatment have caused, and will continue to cause, Julia Ingram pain and disability, and have limited her ability to engage in normal activities of daily life, all to her noneconomic damage in a reasonable amount to be determined by a jury at trial not exceeding $500,000.

\*     \*     \*     \*     \*

WHEREFORE, Plaintiff Julia Ingram requests judgment against Defendants as follows:

(1) For her noneconomic damages in an amount to be lawfully determined at trial by the jury, not exceeding $500,000;

(2) For her economic damages in an amount to be lawfully determined at trial by the jury, not exceeding $100,000; and

(3) For her costs and disbursements incurred in this action.

DATED: March 8, 2011

D'AMORE LAW GROUP

Thomas D'Amore, OSB # 922735

JOHNSON, CLIFTON, LARSON & SCHALLER, P.C.

by: Douglas G. Schaller, OSB #85323
    Michele C. Smith, OSB #02095

Of Attorneys for Plaintiff

COMPLAINT -- Page 5